# NO. 12-17-00262-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF G.N.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW* |
| | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

C.N. appeals the termination of his parental rights. In three issues, he challenges the legal sufficiency of the trial court's termination order. We affirm.

## BACKGROUND

C.N. and E.L.[1] are the parents of G.N. On August 15, 2016, the Department of Family and Protective Services (the Department) filed an original petition for protection of G.N., for conservatorship, and for termination of C.N.'s and E.L.'s parental rights. The Department was appointed temporary managing conservator of the child, and the parents were appointed temporary possessory conservators with limited rights and duties.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that C.N.'s parental rights should be terminated. The trial court found, by clear and convincing evidence, that C.N. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (O) of Texas Family Code section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.N. and G.N. was in the child's best interest. Based on these findings, the

---

[1] The trial court found that E.L., the mother, executed an unrevoked or irrevocable affidavit of voluntary relinquishment of parental rights to G.N., found that termination between E.L. and G.N. was in the child's best interest, and ordered that the parent-child relationship between E.L. and G.N. be terminated. The mother is not a party to this appeal.

trial court ordered that the parent-child relationship between C.N. and G.N. be terminated. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first, second, and third issues, C.N. argues that the evidence is legally insufficient to support the jury's finding that his parental rights to G.N. should be terminated under subsections (D), (E), and (O) of Texas Family Code section 161.001(b)(1). A no evidence complaint is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *see also In re D.J.J.*, 178 S.W.3d 424, 426-27 (Tex. App.—Fort Worth 2005, no pet.). C.N. did not make an objection to the submission of the issue to the jury, file a postverdict motion to preserve his legal sufficiency complaint, or file a motion for new trial. Therefore, C.N. has waived his complaint regarding the legal sufficiency of the evidence to support the jury's findings. *See In re D.J.J.*, 178 S.W.3d at 426-27. Accordingly, we overrule C.N.'s first, second, and third issues.[2]

## DISPOSITION

Having overruled all of C.N.'s issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 13, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] C.N. makes no claim that failure to preserve error was unjustifiable or the result of ineffective assistance of counsel. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). Moreover, he does not challenge the factual sufficiency of the evidence to support the jury's findings under subsections (D), (E), and (O) of Texas Family Code section 161.001(b)(1). Nor, on appeal, does C.N. challenge the legal or factual sufficiency of the evidence to support the jury's finding that termination of his parental rights was in the best interest of the child.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 13, 2017**

**NO. 12-17-00262-CV**

**IN THE INTEREST OF G.N., A CHILD**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 2016-08-0539)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*